# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| **RONNIE DALE WHITENER,** | ) |
| **Plaintiff,** | ) |
| | ) No. 2:21-cv-00018 |
| v. | ) |
| **JOHN DOE,** *et al.,* | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Pending before the Court is a pro se, in forma pauperis complaint filed by Ronnie Dale Whitener, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, against Putnam County Sheriff John Doe, Putnam County Justice Center (PCJC), PCJC Jail Administrator Jane Doe, PCJC High Ranked Employee Phil Arms, PCJC Medical Care Provider "MCR" Name Unknown, PCJC M.C.R. Medical Director Jane Doe, Centurion, Centurion's Medical Director John Doe, Bledsoe County Correctional Complex (BCCX) Warden John Doe, BCCX Assistant Warden John Doe, Tennessee Department of Correction (TDOC) Commissioner of Rehabilitation Tony Parker, and TDOC Medical Director Kenneth Williams. Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983 related to events that occurred while Plaintiff was housed at the PCJC and BCCX. (Doc. No. 1).

**I.  Background**

A review of Plaintiff's previous and ongoing litigation in federal court is essential to the Court's disposition of the instant case. In 2016, while an inmate of the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, Plaintiff filed in this Court a pro se, in forma pauperis action under 42 U.S.C. § 1983 against the PCJC Medical Staff and PCJC Personal Staff.

1

See Ronnie Whitener v. PCJC Medical Staff, et al., No. 2:16-cv-00107 (M.D. Tenn. filed Dec. 5, 2016). Plaintiff alleged that, on June 29, 2016, he was arrested and placed in a holding cell for two days, at times the holding cell had up to ten men in it, and none of the men had mats for sleeping; on July 1, 2016, Plaintiff was moved to a one-man cell with two other men, and two of the men had to sleep on the floor; on July 5, 2016, Plaintiff was moved to another one-man cell, where he was given a bunk; and, during the entire time Plaintiff was housed at PCJC, he asked to be taken to the emergency room or to be seen by a physician because he was in a back brace and had problems with his back due to an accident that happened in April 2016, but his requests were ignored. (Doc. No. 9 at 2-3 in 2:16-cv-00107). By Order and Memorandum Opinion entered on January 17, 2017, the Court dismissed Plaintiff's action, finding the complaint failed to state claims upon which relief could granted under Section 1983. (Doc. Nos. 9 and 10 in 2:16-cv-00107).

In 2017, Plaintiff filed a pro se, in forma pauperis action in this Court under 42 U.S.C. § 1983 against numerous individuals. See Ronnie D. Whitener v. Tony Parker, et al., No. 3:17-cv-1562 (M.D. Tenn. filed 12/14/2017). In that suit, Plaintiff maintained that he suffered with scoliosis that Defendants refused to surgically correct. (Doc. 1 in 3:17-cv-1562). The Court dismissed Plaintiff's claims as to three Defendants and transferred the remainder of the case to the Western District of Tennessee, where Plaintiff then was confined and the remainder of his claims originated. See Ronnie D. Whitener v. Tony Parker, et al., No. 1:17-CV-1241 (W.D. Tenn.). After screening the transferred complaint, the Western District of Tennessee dismissed the complaint for failure to state a claim upon which relief could be granted under Section 1983 and permitted Plaintiff leave to amend his complaint within thirty days. (Doc. No. 11 in No. 1:17-CV-1241). Plaintiff failed to file an amended complaint as ordered, and the Court entered judgment against him on April 15, 2019. (Doc. No. 14 in No. 1:17-CV-1241).

In 2020, while an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, Plaintiff filed in the Eastern District of Tennessee a pro se, in forma pauperis action under 42 U.S.C. § 1983. See Ronnie Whitener v. State of Tenn., et al., No. 3:20-CV-524-TAV-HBG (E.D. Tenn. filed 12/11/2020). The Court recognized that Plaintiff had sued fourteen individuals in that action who were parties to the 2017 action—Teppsta (or Terpsta), Hart, Stover, Tony Parker, Dr. Marina Cadreche, Dr. Kenneth Williams, Christi Gregory, Amanda Collins, Tommie Hamilton, Dr. Tucker, Dr. Guerett, Shawn Phillips, Steve Jones, and Randy Phelps—and that the lawsuit complained of these Defendants' failure to provide Plaintiff with back surgery, which is the same issue that was previously adjudicated. (Doc. No. 4 in 3:20-CV-524-TAV-HBG). The Court therefore found that the doctrine of res judicata barred the action as to Defendants and claims involved in the prior suit. (Id.) In addition, the Court found that Plaintiff's allegations against the previously-sued Defendants were time-barred by the applicable statute of limitations. (Id.) The Court therefore dismissed Plaintiff's allegations regarding the denial of medical care in 2017. (Id.) The Court determined that Plaintiff's allegations that he had been denied medical treatment since his return to TDOC custody on September 11, 2020 warranted separate consideration. With respect to these allegations, the complaint named over two dozen Defendants who were employed at three separate TDOC facilities: MCCX, NWCX, and BCCX. The Court found:

> Plaintiff's complaint refers generally to "Defendants" without specifying their locations, their actions, or their relevance to the instant suit. The Court cannot ascertain which Defendants are employed at MCCX, or which would have more properly been named as parties to Plaintiff's prior lawsuit. Moreover, Plaintiff fails to identify his current medical condition, when corrective surgery was prescribed, what (if any) medical care or evaluation he has received while at MCCX, or why he did not obtain the surgery after his initial release from incarceration Further, Plaintiff does not suggest that any individual Defendant denied him treatment, nor does he attempt to allege a reason for Defendants' alleged denial of treatment. Instead, he offers only conclusory allegations that he has been denied

3

> constitutionally adequate medical care. Plaintiff cannot sustain a § 1983 suit on such allegations. See, e.g., Twombly, 550 U.S. at 555, 570. Accordingly, Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted, as he has failed to state a cognizable claim against any named Defendant.

(Doc. No. 4 at 9 in 3:20-cv-00524-TAV-HBG). However, the Court determined that Plaintiff should be allowed an opportunity to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific individual(s) responsible. (Id. at 9-10). The Court notified Plaintiff that the Court would only address the merits of Plaintiff's claims that related to his original complaint as to his alleged denial of medical care after his incarceration in September 2020. (Id. at 10).

Plaintiff subsequently filed an Amended Complaint that maintained he was released from TDOC custody in June of 2018, but that he was unable to afford back surgery. He was arrested on September 8, 2019, and housed again at the PCJC. While there, Plaintiff received a specialist consult and was advised that the physician could not perform the recommended surgery. The specialist stated, however, that he would refer Plaintiff to another specialist who could perform the surgery, and Plaintiff was transferred to Cookeville Regional Hospital for an MRI/CT scan. On September 11, 2020, within a month of his specialist consult at PCJC, Plaintiff was transferred to BCCX without a follow up.

Upon his arrival at BCCX, Plaintiff provided the intake nurses and intake physician with all of the information he had pertaining to his need for corrective back surgery. The intake physician referred Plaintiff to another physician at BCCX, who evaluated Plaintiff on October 5, 2020. That physician stated that nothing could be done for Plaintiff due to restrictions caused by COVID-19, as Plaintiff's condition was not an emergency. This doctor also advised Plaintiff that he should not daily take the Ibuprofen and Tylenol prescribed by the intake physician, and he

expressed confusion as to why Plaintiff was prescribed a certain drug for his mental problem since it increases appetite and causes weight gain. Plaintiff was not referred to a specialist during his stay at BCCX.[1] In mid-November 2020, Plaintiff was transferred to MCCX. Plaintiff again advised the medical staff of his need for corrective surgery and was again ignored. Eventually, Plaintiff complained of an eye problem and was evaluated by Dr. Lane at MCCX. However, Dr. Lane did not provide Plaintiff with medical treatment.

The Court found that the relevant statute of limitations barred any claims by Plaintiff that occurred prior to December 11, 2019. Accordingly, all Defendants named for any action or inaction occurring prior to December 11, 2019—Smith Detention Center, Rutherford County Detention Center, Rutherford County Sheriff's Office, and Special Needs Facility—were dismissed. (Doc. No. 6 at 5-6 in 3:20-cv-00524-TAV-HBG). As to Plaintiff's claims against PCJC, the Court found that venue was not appropriate in the Eastern District of Tennessee but determined that transfer of the claims to the Middle District of Tennessee was not appropriate because "[n]othing in these allegations suggests that PCJC, nor its officers or medical personnel, acted with deliberate indifference to Plaintiff's serious medical needs." (Doc. No. 6 at 7-8 in 3:20-cv-00524-TAV-HBG). The Court dismissed Defendants PCJC, PCJC Medical employees, and PCJC officers. (Id. at 8).

As to Plaintiff's claims against BCCX, the Court found that "a delay in non-emergency surgery due to restrictions caused by COVID-19 is not suggestive of deliberate indifference, despite Plaintiff's dissatisfaction with the decision." (Id.) The Court therefore dismissed BCCX and all BCCX-related Defendants. (Id.) As to Plaintiff's claims against MCCX, the Court noted that the complaint's only allegation supporting a denial-of-medical-care claim at MCCX was

---

[1] Plaintiff makes many of these same allegations in the instant complaint.

Plaintiff's claim that Dr. Lane, in his official capacity as a physician for TDOC, ignored Plaintiff's requests for medical treatment. (Doc. No. 6 at 8 in 3:20-cv-00524-TAV-HBG). The Court further noted that it was unclear which Defendants were MCCX employees. (Id.) But because the Amended Complaint contained no factual allegations of wrongdoing against Defendants Sheriff, Brenda Boyd, the MCCX Medical Department, Vasti McKinny, Cpl. Avery, Stacy Oakes, Kenneth Hutchinson, Mike Parris, Kenneth Williams, or Tony Parker, Plaintiff had failed to state a claim against those Defendants. (Id. at 8-9). Further, the Court dismissed all Defendants who were TDOC facilities or TDOC employees. (Id. at 9-10). The Court found that Plaintiff had stated a plausible claim for the denial of necessary medical treatment about Dr. Lane and Centurion, and these claims proceeded. (Id. at 11). On May 28, 2021, the Court granted Defendants Lane and Centurion's' Motion to Dismiss and dismissed the action. (Doc. No. 35 in 3:20-cv-00524-TAV-HBG).

In 2021, Plaintiff filed a pro se action in the Western District of North Carolina against the Rutherford County Detention Center and numerous employees. See Ronnie Dale Whitener v. The Rutherford County Detention Center, et al., No. 1:21-cv-00048-MR (W.D. N.C. filed 2/19/2021). The Court is resolving the matter of the filing fee in that case at this time.

## II. PLRA Screening Standard

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee

6

Case 2:21-cv-00018 Document 5 Filed 06/10/21 Page 6 of 12 PageID #: 63

of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

7

### III. Section 1983 Standard

Plaintiff brings his claims under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

Plaintiff was incarcerated at the PCJC and within the TDOC system from 2016 to 2018 at BCCX and NCCX. During that time, Plaintiff saw a specialist who stated that Plaintiff needed back surgery. The surgery was never scheduled.

Plaintiff was arrested on September 8, 2019, and housed at the PCJC. While there, Plaintiff received a specialist consult and was advised that the physician could not perform the recommended surgery. The specialist stated that he would refer Plaintiff to another specialist who could perform the surgery, and Plaintiff was transferred to Cookeville Regional Hospital for an MRI/CT scan. On September 11, 2020, within a month of his specialist consult at PCJC, Plaintiff was transferred to BCCX without a follow up.

Plaintiff believes that his medical needs have been "interfered, delayed, and denied due to statues [sic] and policies to save cost and future transfer to another facility." (Doc. No. 1 at 8).

### V. Analysis

The complaint names as Defendants Putnam County Sheriff John Doe, Putnam County Justice Center (PCJC), PCJC Jail Administrator Jane Doe, PCJC High Ranked Employee Phil

Arms, PCJC Medical Care Provider "MCR" Name Unknown, PCJC M.C.R. Medical Director Jane Doe, Centurion, Centurion's Medical Director John Doe, Bledsoe County Correctional Complex (BCCX) Warden John Doe, BCCX Assistant Warden John Doe, Tennessee Department of Correction (TDOC) Commissioner of Rehabilitation Tony Parker, and TDOC Medical Director Kenneth Williams. The complaint alleges that these Defendants played a role in denying Plaintiff medical treatment during his incarceration at the PCJC and BCCX in 2019 and 2020.

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Rawe, 462 F.3d at 528 n.5. In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

### A. Issue Preclusion

"Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." Gen. Elect. Med. Sys. Europe v. Prometheus Health, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

Plaintiff has filed more than one lawsuit under Section 1983 against all or most of the same Defendants named in the instant action.[2] Plaintiff's previous lawsuits and current lawsuit concern

---

[2] As best the Court can discern, Plaintiff previously has sued all individuals identified by name as Defendants in the instant action; however, because Plaintiff names several John and Jane Doe Defendants herein and previously has

9

the same incident (denial of medical treatment) and many or all of the same Defendants. The alleged denial of medical treatment was raised and litigated in the prior actions. This Court or a sister court already has reviewed those claims under the Prison Litigation Reform Act and determined that Plaintiff's allegations fail to state claims under Section 1983 upon which relief can be granted.

That determination is conclusive in this subsequent suit based on the same causes of action under Section 1983. First, the precise issues were raised and actually litigated in Plaintiff's prior lawsuits. The same claims cannot be relitigated by Plaintiff in this or any other action in federal court, even if Plaintiff sought different remedies in each lawsuit. See Prometheus Health, 394 Fed. App'x 280, 283; see e.g., Hamilton v. State Farm Fire & Cas. Co., 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

Second, any prior determination by a Court that Plaintiff's allegations failed to state claims upon which relief can be granted under Section 1983 was clearly necessary to the outcome of the prior proceedings. Thus, the second requirement for issue preclusion is met. See Prometheus Health, 394 F. App'x 280, 283.

Third, any prior determination by a Court to dismiss Plaintiff's claims pursuant to the Prison Litigation Reform Act was a final judgment on the merits. That judgment is binding on Plaintiff. See Prometheus Health, 394 F. App'x 280, 283; see also Goodwin v. Hall, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (finding that Court's prior decision after screening prisoner-plaintiff's claim under the Prison Litigation Reform Act constituted a final

---

named Defendants such as "TDOC Personnel", the Court cannot conclude with certainty that Plaintiff has sued every Defendant named herein in previous lawsuits.

10

Case 2:21-cv-00018 Document 5 Filed 06/10/21 Page 10 of 12 PageID #: 67

decision on the merits); Haddad v. Mich. Nat'l Corp., 34 F. App'x 217 218 (6th Cir. 2002) (finding that a dismissal with prejudice is considered a final judgment on the merits).

Fourth, even though Plaintiff has proceeded pro se in his previous actions, there is no evidence that he has been deprived of an opportunity to fully and fairly litigate his cases. See Prometheus Health, 394 F. App'x 280, 283; see also United States v. Guy, No. 1:05 CV 2605, 2006 WL 1874709, at *6 n.5 (N.D. Ohio July 3, 2006) (Defendant's "partial pro se status did not prevent [her] from having a 'full and fair' opportunity to litigate" an issue). Plaintiff has filed numerous pleadings in multiple lawsuits in several federal courts.

Consequently, the Court concludes that the elements of issue preclusion are met. Plaintiff is barred from relitigating the Court's prior adjudication of the same Section 1983 claims against the same Defendants. In other words, Plaintiff cannot file the same claims against the same Defendants in a new action in the hope of achieving a different result.

### B. Claim Preclusion

With regard to Plaintiff's claims in this action against Defendants who were not named as defendants in Plaintiff's prior actions, claim preclusion bars those claims. "Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit." Notredan, LLC v. Old Republic Exhange Facilitator Co., 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (citing Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir. 2003)). "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

Here, claims against any individual related to the alleged denial of medical care to Plaintiff from 2016 to 2020 in Putnam County, BCCX, NCCX, or another TDOC facility could have been

brought in one of Plaintiff's prior actions. All facts upon which Plaintiff's claims rest were known to him when he filed the prior actions. Plaintiff should not be permitted to split his cause of action into multiple separate federal lawsuits. See Notredan, 875 F. Supp.2d 780, 787. In any event, he cannot now pursue again claims that a court already has considered and dismissed. The Court therefore finds that all claims that arose or could have arisen in Plaintiff's prior actions are barred by claim preclusion and should be dismissed.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. See Fed. R. Civ. P .8(c). However, the Supreme Court and the Sixth Circuit have indicated that a court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." Arizona v. California, 530 U.S. 392, 412 (2000); Gooch v. Life Investors Ins. Co. of Am., 672 F.3d 402, 418 (6th Cir. 2011) (citing Arizona for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in Arizona is when "a court is on notice that it has previously decided the issue presented." Id. at 412 (citations and internal quotation marks omitted). The Court is on notice of Plaintiff's prior actions and finds that the claims and issues presented in this case have been thoroughly litigated and decided on the merits.

## VI. Conclusion

For the reasons explained herein, the Court finds that a review of the complaint is barred by the doctrines of issue and claim preclusion. Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE